**In re ALBERT BROTHERS CONTRAC-TORS, INC., Debtor.**

**ALBERT BROTHERS CONTRACTORS, INC., Plaintiff,**

v.

**UNITED STATES FIDELITY & GUAR-ANTY COMPANY, Defendant.**

Bankruptcy No. 75–1202.
Complaint No. 8.

United States Bankruptcy Court,
W. D. Virginia,
Roanoke Division.

March 2, 1982.

Leon R. Kytchen, Wilbur L. Hazlegrove, Roanoke, Va., for debtor.

William R. Rakes, Roanoke, Va., for Creditors' Committee.

Daniel F. Layman, Jr., Roanoke, Va., for USF&G.

## MEMORANDUM

H. CLYDE PEARSON, Bankruptcy Judge.

This matter is before the Court upon Motion of United States Fidelity and Guaranty Company (USF&G) to apportion and allocate costs in prosecuting an appeal of a decision of this Court sustaining USF&G's claim.

The Court heard the evidence, and reviewed the authorities submitted by Counsel, and it appearing therefrom that USF&G has prevailed upon hearing of objections to its claim by the Debtor and Creditors' Committee in this Court as provided in an Opinion and Order by the Honorable Thomas J. Wilson, III. The Debtor and Creditors' Committee duly noted an appeal therefrom as a result of which USF&G has now moved this Court to require that future costs of prosecuting the appeal, be allocated to funds which will go to other general creditors excluding funds which ultimately may go to USF&G. USF&G's claim represents approximately 90% of the claims assertable against funds held by the Debtor in this case available for ultimate distribution or funding of a plan. The funds total $600,000.00 or $700,000.00.

It further appears that a reversal on appeal of the decision disallowing USF&G's claim would enable all other creditors to be paid in full. The remaining surplus would be available for rehabilitating the Debtors business or for distribution to subordinate claims.

The parties in their briefs have cited no case in point and the Court has been unable to find a case where the issue has been dealt with. The thrust of the Motion is novel and the implications are far-reaching. For example, in a future case, a general creditor whose claim is questioned, could move for allocation of costs, the effect of which could preclude an effective determination of such objection for the benefit of the Debtor or trustee as the case may be. The question would appear in each case as to what percentage a creditor's claim must occupy with relation to all other general creditors in order to invoke such a rule. Must a general creditor occupy 40%, 50%, 60% or a greater amount? Would the rule require more than 60% or even 40%? The implications of such a decision on the administration in this Court of estates, either by trustees in straight liquidation cases, or by debtors in Chapter cases, would be indeed far-reaching. In almost every case where a major creditor's claim is challenged, the Court would be required in the first instance to determine whether or not allocation of costs would be made before the debtors or trustee could effectively proceed to challenge the validity of that creditor's claim. The claim itself may be spurious, totally without merit and not allowable for any number of reasons. If such creditor could invoke a rule of allocation of costs, such creditor's invalid claim could go unchallenged. Such creditor would be in a position to dictate the conduct in these proceedings. As a practical result thereof, the administration of estates would be totally stymied because of the uncertainty surrounding the ultimate payment of administrative expense. USF&G's position has an equitable ring because of the large claim with relation to other creditors. Tough cases make bad law. However appealing the position of USF&G may be here, the adverse effect of a precedent in this case would be too great.

For the foregoing reasons this Court is compelled to find that the allocation of costs would unduly hamper proceedings in this case and a precedent for so doing would effectively hamper the administration of cases in this Court in the future. Therefore, an order will be entered denying said motion. An Order will accordingly be so entered.